# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-0329-01-CR-FJG |
| | ) ) ) |
| NICHOLAS G. PEREZ, | ) ) |
| Defendant. | ) |

## ORDER

Petitioner Nicholas Perez has filed a Petition for a Writ of Mandamus to Review a Sentence Imposed in Violation of a Federal Law (Doc. No. 24).

On October 7, 2004, Perez was indicted for two violations of federal drug law: conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Doc. No. 12). Perez accepted the government's plea agreement and was sentenced before this Court on January 27, 2005. Perez was sentenced to 121 months' imprisonment, one month longer than the statutory minimum of 120 months. Perez did not appeal or file any post-conviction motion, abiding by his lawful and valid waiver of his appellate and post-conviction rights, contained in the plea agreement.

The instant motion challenges the lawfulness of Petitioner's conviction and sentence. Perez alleges his signature on the plea agreement was signed under "threats, duress and coercion," and he also claims ineffective assistance of counsel. In substance, then, Perez's claims challenge the legality and constitutionality of his conviction and sentence, and the proper method to raise such claims are through a

motion pursuant to 28 U.S.C. § 2255. Therefore, the Court construes the instant motion not as a petition for a writ of mandamus, but as a § 2255 motion. See United States v. Lloyd, 398 F.3d 978, 979-80 (7t Cir. 2005) (explaining any motion substantively within the scope of § 2255, is a motion under § 2255, regardless of how petitioner titles the motion). Under 28 U.S.C. § 2255(f), a prisoner has a one-year period to file a § 2255 motion. That period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

In construing the instant motion as a petition under § 2255, the Court finds it is untimely because Perez had until February 2006 to file a § 2255 motion. Perez has identified no other grounds upon which the instant motion is proper. Accordingly, Petitioner's motion is **DENIED**.

**IT IS SO ORDERED**.
Date: 10/5/2010　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge